## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

RAR Associates - King Street
North Ltd. Partnership

v.

Eugene Schonberger et al.

November 23, 1981

Case No. (Chancery) 12663

By JUDGE WILEY R. WRIGHT, JR.

The Court has temporarily enjoined the foreclosure of a deed of trust on the premises known as 1105, 1109, 1111 and 1113 King Street in the City of Alexandria. The complainant now seeks to have the sale permanently enjoined. Counsel for the parties have agreed that the defendants have the burden of proving their right to foreclose, and, as a result, the defendants put on their case first.

The properties in question were conveyed on November 1, 1979, by Anthony Burgward to RAR Associates - King Street North Limited Partnership for the sum of $165,000.00; and as a part of the transaction, the seller took back a promissory note in the amount of $141,000.00 secured by the purchase money deed of trust which the defendants seek to foreclose. On March 16, 1981, the premises known as 1111 - 1113 King Street were conveyed by the complainant to Kamal Ghaemi for the sum of $165,000.00, subject to the deed of trust securing the note payable to Anthony Burgwald.

On March 12, 1981, the noteholder gave notice that payment of the note secured by the deed of trust was being accelerated because of the condition of the properties and delinquent taxes. This notice was not received by

either RAR Associates or Kamal Ghaemi until shortly after settlement of the sale of 1111 - 1113 King Street on March 16, 1981. Thereafter, foreclosure of the deed of trust was advertised for August 28, 1981.

At the trial of this cause the defendants contended that they are entitled to foreclose the deed of trust because the complainant breached the statutory covenants requiring that the premises be maintained in tenantable condition and prohibiting waste set forth in Section 55-59, Code of Virginia, 1950, as amended. The deed of trust specifically incorporates this section by reference. The complainant denies that it breached these covenants and says that the debt of the noteholder is secured in excess of the unpaid balance of the promissory note.

Code Section 55-59 reads in pertinent part as follows:

> Every deed of trust to secure debts or indemnify sureties is in the nature of a contract and shall be construed according to its terms to the extent not in conflict with the requirements of law, provided that unless otherwise provided therein, it shall be construed to impose and confer upon the parties thereto, and the beneficiaries thereunder, the following duties, rights and obligations in like manner as if the same were expressly provided for by such deed of trust, namely. . . .
>
> (3) The grantor shall be deemed to covenant that he will keep the improvements on the property in tenantable condition, whether such improvements were on the property when the deed of trust was given or were thereafter placed thereon.
>
> (4) The grantor shall be deemed to covenant that no waste shall be committed or suffered upon the property.

In construing the meaning of the statutory covenants and determining whether either or both of them had been breached by the complainant at the time the noteholder accepted payment, it is well to consider the essential purpose of a deed of trust, namely, the creation of a lien on property to secure a debt.

It appears from the evidence that there was some deterioration in the condition of the property between

the time the noteholder sold it to the complainant and the time payment of the note was accelerated. However, the degree of deterioration was not great when viewed in light of the age and condition of the property at the time ownership changed hands. Since the deterioration in the condition of the premises was not such as to substantially affect or impair the defendants' security, the Court is of opinion that the statutory covenants were not breached by the complainant.

The evidence also reveals that there has been a substantial increase in the fair market value of the property since November 1979 and that the fair market value far exceeds the unpaid balance of the note. Under these circumstances, it would be unjust and inequitable to permit the foreclosure to proceed.

The complainant will be granted a permanent injunction prohibiting the defendants from foreclosing the deed of trust for breach of any of the covenants thereof occurring prior to the commencement of this cause.